**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRYAN PURCELL and GEORGENE
STERGALAS,

        Plaintiffs,

v.

        Case No. 10-13444

IMAD FADLALLAH, et al.,

        Defendants.

                                       /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE
MOTION TO EXTEND SUMMONS AND FOR ALTERNATIVE SERVICE**

On December 23, 2010, Plaintiffs filed an ex parte motion to extend the time for service of Defendant Imad Fadlallah in his individual capacity. A summons was issued on August 30, 2010, but Plaintiffs have been unable to serve Fadlallah. In support of the motion, Plaintiffs offer the affidavit of Nizar Malouf of December 21, 2010. Malouf attests that he has made "several, repeated unsuccessful attempts to serve Imad Fadlallah" at his residence in Dearborn, Michigan. Malouf also attests, upon information and belief, that Fadlallah "is aware of the above-referenced action against him." Federal Rule of Civil Procedure 4 provides, in pertinent part, that "if the plaintiff shows good cause for the failure [to timely serve a complaint], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). It is Plaintiffs' burden to establish good cause for failing to effect timely service. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Plaintiffs also move for an order allowing alternative service, claiming that Fadlallah is purposely evading service of process. Again, Plaintiffs offer the affidavit of

Malouf.  Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court sits.  Fed. R. Civ. P. 4(e).  Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be hear."  Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise.  Mich. Ct. R. 2.105(I)(1).  To justify alternative service, the court expects narrative affidavits detailing the process server's efforts, including dates, times, locations, and other relevant facts supporting a conclusion of evasion of service.  Lacking in such essential details, the affidavit presented by Plaintiffs is unpersuasive.  Nonetheless, the court finds that Plaintiffs have adequately supported their motion to extend the summons.  While Plaintiffs have not provided the specific details, it is clear to the court that the process server has made a diligent effort to serve Fadlallah.  Accordingly,

IT IS ORDERED that Plaintiffs' ex parte motion to extend summons and for alternative service [Dkt. # 7] is GRANTED IN PART in that the summons is hereby extended until **January 31, 2011**.

IT IS ORDERED that Plaintiffs' ex parte motion to extend summons and for alternative service [Dkt. # 7] is DENIED IN PART WITHOUT PREJUDICE in that Plaintiffs may not use alternative service.  Plaintiffs may again move for alternative service prior to **January 31, 2011**.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 30, 2010, by electronic and/or ordinary mail.

                                                        s/Lisa Wagner
                                                        Case Manager and Deputy Clerk
                                                        (313) 234-5522