UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN PURCELL and GEORGENE STERGALAS,

    Plaintiffs,

v.                              Case No. 10-13444

IMAD FADLALLAH, et al.,

    Defendants.
                                        /

**ORDER GRANTING PLAINTIFFS' "MOTION TO AMEND/CORRECT"**

On August 19, 2011, the court held a telephone status conference with counsel for Plaintiffs and Defendants, at which time Plaintiffs indicated an intent to seek leave to amend their complaint. The court suspended all deadlines in this matter and directed Plaintiffs to submit a stipulated order or file a motion for leave to amend not later than September 6, 2011. Having failed to secure Defendants' concurrence in amending the complaint, Plaintiffs filed a motion for leave to amend on September 6, 2011. Defendants filed a response opposing amendment of the complaint on September 20, 2011. For the reasons below, the court will grant Plaintiffs' motion.

As a general matter, amendments to pleadings are governed by Federal Rule of Civil Procedure 15. As amended in 2009, Rule 15 allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one days of a defendant's answer or motion under Rule 12. Fed. R. Civ. P. 15(a)(1)(B). Where the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The courts have long recognized a policy favoring

trying cases on the merits and liberally granting leave to amend when doing so does not prejudice an opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating leave should be freely given, absent factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment"); *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

Plaintiffs seek leave to amend to include in the amended complaint events that transpired after the original complaint was filed. Following the filing of this matter, Plaintiff Purcell alleges that he was removed from his job as a teacher in the Dearborn Public Schools in March 2011 and ultimately terminated on May 23, 2011. (Mot. 2.) As a result of these alleged events, Plaintiffs seek to add four additional Defendants to the complaint, all Dearborn Public School officials who allegedly retaliated or harassed Purcell following the filing of the original complaint, and a retaliation claim under 42 U.S.C. § 2000e-3(a).[1]

Defendants argue that the motion should be denied for the following reasons: (1) due to undue delay on the part of Plaintiffs, granting the motion for leave to amend

---

[1] Plaintiffs' proposed amended complaint adds one other count, an alleged violation by Defendants Dearborn Public School and Imad Fadlallah of Plaintiff Stergalas's right to privacy under the common law and the Heath Insurance Portability and Accountability Act ("HIPPA"). Defendants contend that this count could have been included in the original complaint because it did not arise from Defendants' conduct following the filing of the original complaint. (Defs.' Resp. 7 n.3.) In light of the proposed amended complaint's overwhelming focus on the alleged retaliatory actions taken against Plaintiff Purcell following the commencement of this matter, the court concludes that the inclusion of this single count should not prevent Plaintiffs from amending the complaint.

2

would prejudice Defendants; and (2) amending the complaint would be futile.  (Defs.' Resp. 5-7.)  Defendants characterize the proposed amendment as "massive" in scope because it adds 4 additional Defendants and 52 new counts.  (Defs.' Resp. 4.)  Regardless of how many times Defendants underline the numbers 4 and 52 in their response, such a characterization is disingenuous.  In truth, Plaintiffs amended complaint seeks to incorporate only two additional counts and four Defendants who allegedly retaliated and harassed Plaintiff Purcell following the filing of the original complaint.

Defendants fail to establish that granting leave to amend will result in undue prejudice to their interests.  The Sixth Circuit has held that "'[t]o deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent.'"  *Duggin v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.1986)).  "The *Moore* case emphasizes the need for the district court to give reasons for its decision, and the importance of naming prejudice to the opponent.  The court noted that 'delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced.'"  *Id.* (quoting *Moore*, 790 F.2d at 560).  Here, Defendants characterize Plaintiffs' motion as a "transparent request" to "take discovery on all of [their] claims" after discovery closed.  (Defs.' Resp. 7.)  Granting Plaintiffs leave to amend, according to Defendants, will result in inconvenience and "astronomical cost[s]."  Exposure to inconvenience and high litigation costs, however, are typical of any defendant defending a lawsuit in federal court.  Plaintiffs' amended complaint merely subjects Defendants to the inconvenience of defending against two additional counts.  Denying Plaintiffs' motion

3

to amend because of inconvenience commonly experienced by defendants in federal courts would flout the clearly established principle of freely granting leave to amend when justice requires.

Defendants also argue that Plaintiff Purcell's retaliation count is futile because Purcell may assert his claim before an administrative law judge in an upcoming state administrative tenure hearing.  (Defs.' Mot. 7.)  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).  Defendants fail to cite any case law supporting its bald proposition that Plaintiff Purcell's retaliation count is futile.  Instead, Defendants argue that the administrative hearing *could* act as *"res judicata* to any claim made in federal or state court" *if* the administrative law judge finds that "Dearborn Public Schools met the standard for discharge."  (*Id.*)  The mere possibility of claim preclusion does not satisfy the futility standard, and therefore, Defendants' argument remains unsupported.

Having concluded that Plaintiffs' proposed amended complaint is not futile, will not cause Defendants undue prejudice, and is consistent with the interest of justice, the court will grant Plaintiffs' motion.  Accordingly,

IT IS ORDERED that Plaintiffs' "Motion to Amend/Correct" is GRANTED.  Plaintiff is DIRECTED to file an amended complaint within seven days of issuance of this order.

                                           s/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: September 28, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2011, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522