UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRYAN PURCELL** and
**GEORGENE STERGALAS,**

    Plaintiffs,

v.

**IMAD FADLALLAH**, individually and
In his official capacity as Principal of
Dearborn Fordson High School,

**YOUSSEF MOSALLAM,** individually and
In his official capacity as Principal of Dearborn
Fordson High School,

**MAYSAM ALIE-BAZZI,** individually and in
Her official capacity as Assistant Principal of
Dearborn Fordson High School,

**BRIAN WHISTON**, Individually and in his
Official capacity as Superintendent of Dearborn
Public Schools,

**THOMAS RAFFERTY**, individually and in his
Official capacity as Human Resources Director
And Independent Contractor/Consultant to
Dearborn Public Schools, and

**DEARBORN PUBLIC SCHOOLS**, a Michigan
Municipal corporation,

    Defendants.

Case No. 2:10-cv-13444-RHC-MJH

Hon. Robert H. Cleland
Magistrate Michael Hluchaniuk

_____/

DEBORAH K. SCHLUSSEL (P56420)
LAW OFFICE OF DEBBIE SCHLUSSEL
Attorney for Plaintiffs
29477 Laurel Woods Drive
Southfield, MI  48034
(248) 354-1409

KEVIN T. SUTTON (P65364)
LUSK & ALBERTSON
Attorney for Defendants
40950 Woodward Avenue, Suite 350
Bloomfield Hills, MI  48304-5129
(248) 988-5695

2

_____/

**COUNTER-STATEMENT OF MATERIAL FACTS**

**PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**BRIEF IN SUPPORT OF
PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRYAN PURCELL** and
**GEORGENE STERGALAS,**

    Plaintiffs,

v.

**IMAD FADLALLAH**, individually and
In his official capacity as Principal of
Dearborn Fordson High School,

**YOUSSEF MOSALLAM,** individually and
In his official capacity as Principal of Dearborn
Fordson High School,

**MAYSAM ALIE-BAZZI,** individually and in
Her official capacity as Assistant Principal of
Dearborn Fordson High School,

**BRIAN WHISTON**, Individually and in his
Official capacity as Superintendent of Dearborn
Public Schools,

**THOMAS RAFFERTY**, individually and in his
Official capacity as Human Resources Director
And Independent Contractor/Consultant to
Dearborn Public Schools, and

**DEARBORN PUBLIC SCHOOLS**, a Michigan
Municipal corporation,

    Defendants.

Case No. 2:10-cv-13444-RHC-MJH

Hon. Robert H. Cleland
Magistrate Michael Hluchaniuk

_____/

| | |
|---|---|
| DEBORAH K. SCHLUSSEL (P56420) | KEVIN T. SUTTON (P65364) |
| LAW OFFICE OF DEBBIE SCHLUSSEL | LUSK & ALBERTSON |
| Attorney for Plaintiffs | Attorney for Defendants |
| 29477 Laurel Woods Drive | 40950 Woodward Avenue, Suite 350 |
| Southfield, MI 48034 | Bloomfield Hills, MI 48304-5129 |
| (248) 354-1409 | (248) 988-5695 |

_____/

## COUNTER-STATEMENT OF MATERIAL FACTS

NOW Come Plaintiffs, BRYAN PURCELL and GEORGENE STERGALAS, and for their Counter-Statement of Material Facts respond in like numbered paragraphs to Defendants' Statement of Material Facts, but only respond to those facts that are not specifically contested by Plaintiffs.

6. Plaintiffs deny that Mr. Rafferty ended his relationship with the Dearborn Public Schools in 2010.

16. Plaintiffs deny that Mr. Fadlallah never made the statement that he "sees Dearborn Frodson High School as a Muslim school, both in students and faculty and is working to that end" or any comments to that effect. Mr. Fadlallah did, in fact, make such statements.

21. Plaintiffs deny this because, while the Michigan Tenure Commission did uphold Plaintiff Purcell's discharge, Plaintiff Purcell is in the process of drafting a late appeal of the Michigan Tenure Commission to the Michigan Court of Appeals, which shall be filed shortly.

25. While Plaintiff Stergalas was forced to fill out a mandatory transfer request, as required in the course of her employment, she denies that this was a request to transfer from Fordson.

33. Plaintiff Purcell denies this because while he admits that religion-based and national-origin-based discrimination was part of Purcell's claims regarding the reasons for the Tenure Charges, Plaintiff

Purcell also cited other discrimination, such as that based on his disability covered by the Americans With Disabilities Act (ADA).

36.     Plaintiff Purcell denies this because, while some witnesses were called and some exhibits were offered, Plaintiff Purcell maintains that several witnesses of his were not allowed to testify and several of those that were had their testimony improperly stricken, and many of his exhibits were not allowed, despite no basis in law.

43.     Plaintiffs deny this because, while State Tenure Commission rejected each of Plaintiff Purcell's 43 Exceptions, the reasons given for rejecting them had no basis in law and one of the Commission members had a major conflict of interest, as he has in the past expressed personal animosity for Plaintiffs' attorney and her religion and has been seeking money for projects associated with the Muslim community that discriminated against Plaintiff Purcell.

45. While Plaintiffs admit that their application for leave to appeal has not yet been filed, Plaintiffs deny that the decision of the State Tenure Commission is final and not subject to appeal, as Plaintiffs will shortly file a late application for leave to appeal as permitted by the Michigan Court of Appeals up to six (6) months after the deadline.

46. Plaintiff Stergalas denies that she has never had any direct interaction with Mr. Whiston.

49.     Plaintiff Stergalas denies that she has had limited interaction

5

with Mr. Rafferty. In fact, she repeatedly contacted him to complain about her treatment by Dearborn Public Schools, and met with him at length.

50. Plaintiff Stergalas denies that her interaction with Rafferty was limited to two occasions, as there were more interactions and several attempts to contact him to which he did not respond.

51. Plaintiffs deny this because the purpose of the meeting in question was not to discuss the results of an internal investigation, as Defendants maintain, but to discuss a pattern of harassment of Plaintiff Stergalas after she acted as a whistleblower regarding an incident of violence perpetrated against a student by Imad Fadallah, the Principal of Fordson High School.

53. Plaintiff Stergalas denies this statement and does, indeed, have personal, direct, firsthand knowledge regarding items a), b), c), d), e) , f) g), i), k), l), and m).

54. Plaintiff Purcell denies this because while Purcell was unable to get Mr. Whiston to meet with him, despite taking a day off to meet with Mr. Whiston, a visit to his office, and several e-mails to Mr. Whiston regarding his situation, Purcell did in fact have several interactions with Mr. Whiston, but those interactions were ignored and deliberately not responded to by Mr. Whiston.

56. Plaintiffs deny this because while Ms. Alie-Bazzi did, in some scant few instances make a pretense at responding to Mr. Purcell's requests

6

to address disruptive students, Ms. Alie-Bazzi generally did not address the students, and in many cases encouraged their disruptive behavior, as well as posting a police office in front of Mr. Purcell to harass and intimidate him during his class.

57. Plaintiff Purcell denies that this happened just once, as he called the main office to request administrator assistance on several occasions, including more than one when Alie-Bazzi visited his classroom.

58. While Plaintiff admits that he did not teach often during the time that Mr. Mosallam was the principal, he denies that the interactions with Mosallam were "limited" insofar as there were some interactions and the term "limited" is not defined.

59. Plaintiff denies that Mosallam conducted a legitimate formal classroom observation and evaluation of Plaintiff Purcell.

60. Plaintiff Purcell denies that his interaction with Mr. Rafferty was chiefly in the context of disciplinary hearings and the other matters specified. Plaintiff Purcell's primary interaction with Mr. Rafferty was regarding the repeated harassment of Plaintiff Purcell by Dearborn Public Schools officials with regard to Plaintiff Purcell's disability, religion, national origin, ethnicity, scheduling, an excess of disruptive and behavioral problem students and so on.

61. Plaintiff Purcell denies that he has no personal direct, firsthand knowledge regarding the alleged matters in the following items—a), b), c),

d), e), f), g), h), i), j), and k) and maintains that on the contrary, he does, in fact, have such knowledge.

63. Plaintiff Purcell denies that he first provided medical documentation regarding his diabetic condition in June 2006. He provided it when he was first hired by the Dearborn Public Schools.

65. Plaintiff Purcell denies that he identified only three occasions when his teaching schedule did not comport with his medical needs. In fact, there were numerous occasions where that was the case.

66. Plaintiff Purcell denies that his concerns with his teaching schedule were remedied once he raised the issue with the Fordson administration. In fact, they were not remedied until after he made repeated requests, went through repeated hoops, and involved an attorney.

69. Plaintiff Purcell denies that the teaching scheduled provided to him complied with the note presented by him to the Dearborn Public Schools, as it did not comply with the conditions set forth in the note in addition to the requirement regarding breaks.

70. Plaintiff denies that his teaching schedule was modified to accommodate him. He went through repeated harassment and had to jump through hoops.

72. Plaintiff Purcell denies that he was accommodated and notes that on many occasions he was not given a room with air conditioning, despite the note from May 2006.

73. Plaintiff Purcell denies that the change noted was made as a result of a voluntary switch to teaching math, as that was not his specialty and he was force to do the switch to attempt to start fresh and get away from the discrimination and harassment and problem students he was assigned, but the switch did not work.

74. Plaintiff Purcell denies that the alleged "grouping together" of math classrooms is the reason he was denied a classroom with air conditioning, and that it was yet another attempt by Defendants to harass him and create a hostile work environment for him.

75. Plaintiff Purcell denies that he never raised the issue of his classroom assignment and maintains that he did in fact raise this issue repeatedly, but at some point, he realized that his complaints would never be heeded by Defendants.

76. Plaintiff Purcell denies that the change noted was made as a result of a voluntary switch to teaching math, as that was not his specialty and he was force to do the switch to attempt to start fresh and get away from the discrimination and harassment and problem students he was assigned, but the switch did not work.

77. Plaintiff denies that, other than the issues regarding his teaching schedule and having an air conditioned room, all other accommodations requested by him have been provided by Dearborn Public Schools. In fact, Plaintiff Purcell denies that such accommodations have been made and, in fact, Defendants took disciplinary actions against Purcell because he needed

to leave to take shots and eat food during Parent-Teacher Conferences, pursuant to his condition.

78. Plaintiff denies that this memorandum was legitimate and maintains that the memo was part of Defendants' ADA-violative hostile work environment that Defendants created for Plaintiff Purcell. Plaintiff also denies that the memorandum was legitimate, as Plaintiff, in fact, was told by Principal Imad Fadlallah that Plaintiff was not allowed to leave during Parent-Teacher Conferences for even a short time, and Plaintiff needed time off to take his medication and otherwise attend to his disabilities.

79. Plaintiff denies he was advised that he was permitted to keep snacks and juice at his post during the Parent-Teacher Conferences, as he was specifically forbidden from doing so by Principal Imad Fadlallah, and even if the snacks were permitted, it was not possible for Plaintiff to administer his required medication and keep paying attention to parents while he was eating in an attempt to respond to his blood sugar levels and diabetic condition.

80. Plaintiff Stergalas denies this as she felt intimidated from exercising her First Amendment rights by Defendants based on their ethnic- and religious-based discrimination and was harassed because she spoke out against a Muslim Fordson principal's violent behavior toward students.

81. Plaintiff Stergalas denies this as she felt intimidated from exercising her religious rights under the First Amendment by Defendants

10

based on their ethnic- and religious-based discrimination and was harassed because she spoke out against a Muslim Fordson principal's violent behavior toward students.

82.  Plaintiff Stergalas denies this as she felt intimidated from exercising her permissible speech rights under the First Amendment by Defendants based on their ethnic- and religious-based discrimination and was harassed because she spoke out against a Muslim Fordson principal's violent behavior toward students.

83.  Plaintiff Stergalas denies this as she felt intimidated from exercising her religious rights under the First Amendment by Defendants based on their ethnic- and religious-based discrimination and was harassed because she spoke out against a Muslim Fordson principal's violent behavior toward students.

84.  Plaintiffs deny this as Mr. Fadlallah slapped and hit students on at least two occasions at Fordson High School, and several witnesses testified to this under oath at Plaintiff Purcell's Tenure Hearing, although their testimony on this topic was stricken as "not being relevant," despite the fact that this was part of the chaos at Fordson High School under Mr. Fadlallah, which contributed to an unruly student body.  Plaintiff Stergalas has repeatedly testified that she was told by a student that Mr. Fadlallah hit him, and the student asked her what he should do.

            Respectfully submitted,

11

By: <u>/s/Deborah K. Schlussel</u><br>
Deborah K. Schlussel (P56420)<br>
Attorney for Plaintiffs<br>
LAW OFFICE OF DEBBIE SCHLUSSEL<br>
29477 Laurel Woods Drive<br>
Southfield, MI  48034<br>
(248) 354-1409<br>
writedebbie@gmail.com

Date  November 13, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I electronically served the foregoing document upon Defendants via electronic mail:

KEVIN T. SUTTON (P65364):

ksutton@luskalbertson.com

By: <u>/s/Deborah K. Schlussel</u><br>
Deborah K. Schlussel (P56420)<br>
Attorney for Plaintiffs<br>
LAW OFFICE OF DEBBIE SCHLUSSEL<br>
29477 Laurel Woods Drive<br>
Southfield, MI  48034<br>
(248) 354-1409<br>
writedebbie@gmail.com

Date:  November 13, 2012