UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN PURCELL and GEORGENE STERGALAS,

    Plaintiffs,

v.                                                Case No. 10-13444

IMAD FADLALLAH, et al.,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND RESPONSE**

    Pursuant to this court's December 4, 2012 order, Plaintiffs moved for leave to amend their response to Defendants' motion for summary judgment. The proposed response contains: (1) a counter-statement of material facts revised to include citations to newly-submitted affidavits; (2) a response and objection to Defendants' summary judgment motion; (3) a brief in support of Plaintiffs' response and objection to Defendants' summary judgment motion; and (4) two newly-submitted affidavits, one from each Plaintiff, that were executed and notarized on December 7, 2012.

    Defendants object to two parts of Plaintiffs' proposed amended response. First, Defendants object to Plaintiffs' revised counter-statement of material facts. The court's December 4, 2012 order stated that "[t]he court will . . . likely deny leave to amend the counter-statement of material facts" as Plaintiffs did not claim that their original one was incomplete when it was filed on November 13, 2012. While the proposed counter-statement of material facts does not contain any altered factual allegations, each allegation includes a new citation to one of Plaintiffs' two affidavits.

Second, Defendants object to Plaintiffs submitting two new affidavits. The court's order directed Plaintiffs to "include all briefs, exhibits, and other documents with which Plaintiffs seek to amend their response." (Order at 2, Dkt. # 48.) Defendants appear to object to the affidavits because they were executed and notarized on December 7, 2012, after the original due date of Plaintiffs' response on November 13, 2012.

Defendants objections do not warrant denying Plaintiffs leave to amend. Rule 56 grants courts the discretion to allow parties to amend unsubstantiated factual assertions with support. Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may: (1) give an opportunity to properly support or address the fact."). As Defendants' summary judgment motion may terminate one or both Plaintiffs, it is important for the court to consider Plaintiffs' revised counter-statement of material facts and new affidavits, even though they could not have been submitted by Plaintiffs' original November 13, 2012 deadline. Plaintiffs must recognize, however, that the court is, once again, exercising its discretion fairly generously in granting them leave to amend their response with such pleadings. Plaintiffs cannot reasonably expect to receive similar treatment as a matter of course in the future. Accordingly,

IT IS ORDERED that Plaintiffs' motion to amend their response [Dkt. # 49] is GRANTED. Plaintiffs are DIRECTED to file their amended response by **January 28, 2013**.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 25, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522